**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **PATTY COOK,** § | |
| § | |
| Plaintiff**,** § | Civil Action No. |
| § | |
| **v.** § | |
| § | **Jury Trial Demanded** |
| **ENHANCED** § | |
| **RESOURCE CENTERS,** § | |
| § | |
| Defendant**.** § | |

## **COMPLAINT**

PATTY COOK ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENHANCED RESOURCE CENTERS. ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Duncanville, Texas 75137.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a corporation specializing in debt collection with its principal place of business located at 8014 Bayberry Road, Jacksonville FL 32256.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant attempted to collect a consumer debt

and contacted Plaintiff in its attempts to collect that debt.

11.     Beginning in March 2016 and continuing thereafter, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number, calling Plaintiff once every few weeks, in its attempts to collect an alleged consumer debt.

12.     Defendant has been contacting Plaintiff regarding a payday loan debt that was incurred at least ten years ago for personal, family or household purposes.

13.     Plaintiff received collection calls from telephone numbers including, but not limited to (800) 875-5164. The undersigned has confirmed the number as belonging to Defendant.

14.     During a call placed in March 2016, Defendant threatened to pursue legal action against Plaintiff if the debt was not paid.

15.     Upon information and belief, Defendant did not intend to pursue legal action against Plaintiff.

16.     Frustrated by the repeated calls, Plaintiff spoke to Defendant in May 2016 and advised Defendant to stop calling her regarding this alleged debt.

17.     Defendant heard and acknowledged Plaintiff's request to stop calling by responding that the "calls would not stop until the debt is paid."

18.     Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there

any good faith reason to place calls.

19. Thereafter, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call her regarding the alleged payday loan debt.

20. After Plaintiff's request to stop the calls was ignored by Defendant, she had no other option but to install a blocking application to block calls from their phone number.

21. Finally, Plaintiff did not receive any written correspondence from Defendant setting forth her rights pursuant to the FDCPA.

## COUNT I
## **DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA**

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

24. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly and continued to call after it knew the calls were unwanted.

## COUNT II

## DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

25. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

26. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent to annoy and harass her as it knew the calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

27. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take action that cannot legally be taken or is not intended to be taken.

29. Section 1692e(10) of the FDCPA prohibits debt collectors from using of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it

threatened to pursue legal action when it had no intention of taking such action.

## COUNT IV
## DEFENDANT VIOLATED §1692g OF THE FDCPA

31.     A debt collector, within five (5) days after the initial communication with the consumer violates the FDCPA by failing to send the consumer a written notice containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the PNC disputes the debt within thirty days after receiving this written notice, the debt will be presumed to be valid by the debt collector, a statement that if the consumer does notify the debt collector s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

32.     In violation of § 1692 (g), Defendant failed to send Plaintiff a written notice containing the aforementioned information regarding the debt within five days after the initial contact was made by phone in March 2016. Plaintiff did not receive any letters from Defendant that provided information regarding the debt and his right to dispute the alleged payday loan debt.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PATTY COOK, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

j. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATTY COOK, demands a jury trial in this case.

DATED: September 15, 2016   KIMMEL & SILVERMAN, P.C.
By:  /s/Amy L. B. Ginsburg
Amy L. B. Ginsburg
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com